UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

EARL JAMES ROBBINS, SR.,        )
                                          )
         **Plaintiff,**             )
                                          )        **Civil Action Nos. 5:21-00136**
**v.**                                  )
                                          )
**MORGAN G. BRAGG,** *et al.*,      )
                                          )
         **Defendants.**       )

## PROPOSED FINDINGS AND RECOMMENDATION

On March 1, 2021, Plaintiff, acting *pro se*, filed his Complaint claiming entitlement to relief under 42 U.S.C. §1983.[1] (Document No. 1.) In his Complaint, Plaintiff names the following as Defendants: (1) Morgan G. Bragg, Beckley City Police Department; (2) Timothy C. Bledsoe, West Virginia State Police; and (3) Kristen Keller, Raleigh County Prosecutor. (Id.) Plaintiff's allegations relate to his criminal proceedings in Raleigh County, West Virginia. (Id.) Plaintiff contends that on October 8, 2020, Defendants slandered Plaintiff during grand jury proceedings.[2] (Id., p. 4.) Plaintiff explains that Defendants Bragg and Bledsoe testified under oath before the grand jury that Plaintiff murdered Cynthia Jane Miller on or about August 27, 1981, and

---

[1]  Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] To the extent Plaintiff is asserting a claim against Defendant Keller, the undersigned finds such a claim to be without merit. Prosecutors have absolute immunity for activities performed as "an officer of the court" if the conduct at issue is closely associated with the judicial phase of the criminal process. *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 - 343, 129 S.Ct. 855, 860 - 862, 172 L.Ed.2d 706 (2009). It is well established that prosecutors are absolutely immune "for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486, 111 S.Ct. 1934, 1939, 114 L.Ed.2d 547 (1991) (quoting *Imbler*, 424 U.S. at 430 - 431, 96 S.Ct. at 995). Further, absolute immunity extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Buckley v. Fitzsimmons*, 509 U.S. 259, 272, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993)(quoting *Imbler*, 424 U.S. at 431, 96 S.Ct. at 995 - 996)).

1

kidnapped, abducted, and raped a minor child on or about October 1980. (Id.) Plaintiff states "these

slanders are recorded at grand jury indictment number 20-F-446-P dated 8 October 2020, then

filed 8 October 2020 at Raleigh County Circuit Court by Paul H. Flanagan, Circuit Clerk."[3] (Id.)

Plaintiff then describes in detail his whereabouts and actions on or about August 28, 1981, as a

defense to the legitimacy of the charges. (Id., pp. 5 - 6.) Plaintiff concludes that these details prove

his innocence on the above charges. (Id.) Plaintiff asserts that "Beckley Police Officers were/are

fully aware I am innocent of these crimes in which I file this lawsuit because of their slanders."

(Id., p. 6.) Plaintiff notes that the slander is documented by the following: (1) "KDKA 2 CBS

Pittsburg" stating "California inmate charged in 1981 shooting death of West Virginia woman;"

(2) Associated Press stating "Man serving time for Riverside County crimes is indicted in cold

case killing in West Virginia," (3) The Raleigh County Prosecuting Attorney's Office announced

Tuesday, Oct. 13, 2020, that a man was indict for the murder of Cynthia Miller, a cold case almost

40 years in the making;" and (4) Register-Herald stating "A California inmate who was indicted

in September for the 1981 murder of a Raleigh County School teacher and the 1980 rape of a

Raleigh Child told Raleigh County Circuit Court Judge Darl Poling that he does not want to face

---

[3] The undersigned notes that a witness testifying before a grand jury is immune from liability for the content of his or her testimony. *See Briscoe v. LaHue*, 460 U.S. 325, 326, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983)(witnesses in judicial proceedings receive "absolute immunity from damages liability under § 1983 based on their testimony"). Second, the undersigned notes that Plaintiff's claim that Defendants Bragg and Bledsoe defamed his character in violation of a federally protected right is without merit. *See Siegert v. Gilley*, 500 U.S. 226, 233, 111 S.Ct. 1789, 1794, 114 L.Ed.2d 277 (1991)("Defamation, by itself, is a tort actionable under the laws of most states, but not a constitutional deprivation."); *Paul v. Davis*, 424 U.S. 693, 712, 96 S.Ct. 1155, 1165 - 66, 47 L.Ed.2d 405 (1976)(finding that "any harm or injury to [Plaintiff's interest in his reputation], even whereas here inflicted by an officer of the State, does not result in a deprivation of any 'liberty' or 'property' recognized by state or federal law"); *Saunders v. Dickerson*, 2008 WL 2543428 *2 (E.D.Va. Jun. 25, 2008)(stating that "[p]laintiff's reputation is protected through state tort law, and a mere allegation of damage to one's reputation and character fails to implicate any liberty or property interests protected by the Constitution"); *Sterne v. Thompson*, 2005 WL 2563179 at *4 (E.D.Va.)("It is well established that a defamatory statement and a concomitant injury to reputation, by themselves, are insufficient to support a *Bivens* claim under the Fifth Amendment."); *Miller v. Jack*, 2007 WL 2050409 (N.D.W.Va. Jul. 12, 2007)(finding that "damages for defamation are not recoverable under § 1983 because a defamed person has not been deprived of any right, privilege, or immunity secured to him by the Constitution or the laws of the United States").

2

trial in Raleigh County. . . . Beckley Police formed a special investigation team in 2017 to look at

Miller's case led by Detective Bragg and West Virginia State Police investigators led by Captain

Tim Bledsoe of the Criminal Investigation Unit. . ..." (Id., pp. 6 – 7.) Plaintiff alleges this constitutes

"slander after slander with society viewing my person as a deranged lunatic who murders a

schoolteacher." (Id., p. 7.) Second, Plaintiff complains that Defendants Bragg and Bledsoe "wasted

taxpayers' dollars travelling first to Decatur, Georgia, to question [Plaintiff's] brother, Brad

Robbins, at his home." (Id.) Third, Plaintiff asserts that Defendants Bragg and Bledsoe contacted

Plaintiff's daughter (Tracy Robbins) "with badgering questions and allegations of [Plaintiff's]

involvement of a murder." (Id.) Plaintiff notes that Tracy Robbins was "a minor child only two

years and eleven months when Cynthia Miller was murdered." (Id.) Finally, Plaintiff states that he

"welcomes a jury trial to exonerate [himself], however [he] refuses the kangaroo Raleigh County

Circuit Court because it is [his] belief [he] can provide vital evidence to prove Cynthia Jane

Miller's murder and that the Beckley Police covered up pertinent evidence." (Id.) As relief,

Plaintiff requests the following: (1) This court "allow the FBI to interview" him because "society

as a whole needs to know the corruption in which exist at Beckley, West Virginia that has gone on

or decades;" (2) "Exoneration from the insane grand jury indictment and justice for Cynthia

Miller's murder and closure for her family;" (3) "Arrest and conviction of Defendants for bad acts

of covering up the murders Plaintiff can bring evidence to show;"[4] (5) Fifty million dollars to

---

[4] It is well established that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). Thus, Plaintiff has no right to initiate criminal proceedings against Defendant Brewster. *Young v. Herald*, 2005 WL 1048117, * 8 (E.D.Ky. May 3, 2005)(stating that the authority to initiate criminal complaints rests exclusively with state and federal prosecutors); *Kennedy v. Anderson*, 373 F.Supp 1345, 1346 (E.D.Okl. 1974)(stating that any charge brought under 18 U.S.C. § 242 "may only be initiated by a federal grand jury or a United States Attorney"); and *Dixon v. State of Maryland*, 261 F. Supp. 746 (D.Md. 1966)(Prisoner could not institute criminal proceedings against a State or its officers for violation of his rights under the color of law). Furthermore, the Court does not have the authority to direct that an individual be prosecuted. *See United States v. Batchelder*, 442 U.S. 114, 124, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979)(stating that the decision whether to prosecute and what charges to file rest in the prosecutor's discretion);

3

Plaintiff for public humiliation and shame; (6) "A public apology to the family of Cynthia Miller

so they can have closure knowing these Defendants slandered an innocent man;" (7) "A public

apology to the family of Gary O'Neal for the decades of humiliation he had to have suffered for

the woman he loved as a suspect of murdering her;" and (8) "The arrest of the actual perpetrator."

(Id., pp. 7 - 8)

On December 17, 2021, and December 27, 2021, Plaintiff filed Application to Proceed *In*

*Forma Pauperis*. (Document Nos. 7 and 9.)

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") contains a provision known as the "three-

strikes rule." See 28 U.S.C. § 1915(g); Lomax v. Ortiz-Marquez, ___ U.S. ___, 140 S.Ct. 1721,

1723, 207 L.Ed.2d 132 (2020). The three-strikes rule restricts the right to proceed without payment

of the filing fee for prisoners who repeatedly file meritless claims. Specifically, Section 1915(g)

provides as follows:

> In no event shall a prisoner bring in a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or appeal
> in a court of the United States that was dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In the instant case, there is no question that Plaintiff has had at least three

prior actions dismissed as frivolous, malicious, or for failing to state a viable claim. See Robbins

v. Fisher, 2022 WL 463395 (E.D. Cal. Feb. 15, 2022)(dismissed for failure to state a claim);

---

*Inmates of Attica Correctional Facility v. Rockefeller*, 447 F.2d 375 (2nd Cir. 1973)(finding that the authority to investigate and initiate criminal complaints rest exclusively with the United States Attorney). The decision to bring Federal or State charges are made by separate individuals. The ultimately *authority* to bring State charges rests upon the State Attorney General through its prosecutors, while the *authority* to bring Federal charges rests upon the United States Attorney General through its prosecutors.

Robbins v. Candaleria, Case No. 3:98-cv-001124 (S.D.Cal Oct. 26, 2000)(dismissed for failure to state a claim); Robbins v. Lilly, Case No. 5:90-cv-00986 (S.D.W.Va. Oct. 26, 1990)(dismissed as frivolous within the meaning of 28 U.S.C. § 1915); Robbins v. Heilig Meyers, Inc., Case No. 5:87-cv-01415 (S.D.W.Va. Sep. 21, 1988)(dismissed as frivolous within the meaning of 28 U.S.C. § 1915); Robbins v. Lilly, Case No. 5:87-cv-01414 (S.D.W.Va. Dec. 7, 1987)(dismissed as frivolous within the meaning of 28 U.S.C. § 1915); Robbins v. Lewis, Case No. 5:87-cv-01413 (S.D.W.Va. Dec. 7, 1987)(dismissed as frivolous within the meaning of 28 U.S.C. § 1915); Robbins v. Payne, 5:87-1311 (S.D.W.Va. Nov. 16, 1987)(dismissed as frivolous within the meaning of 28 U.S.C. § 1915); Robbins v. Copeland, 5:87-1310 (S.D.W.Va. Nov. 16, 1987)(dismissed as frivolous within the meaning of 28 U.S.C. § 1915). Since Plaintiff is subject to the three-strikes rule, Plaintiff may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed the above action.

"[T]he imminent danger 'must exist at the time the complaint or the appeal is filed, not when the alleged wrongdoing occurred.'" Feather-Gorbey, 787 Fed.Appx. at 825(citing Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)); also see Meyers v. Commoner of Social Security Admin., 801 Fed.Appx. 90, 96 (4th Cir. 2020)(The imminent danger must be a danger that is "close at hand, not a past infraction" and "must have some nexus or relation to those of the underlying complaint.") The plaintiff "must allege 'ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Johnson v. Warner, 200 Fed.Appx. 270, 272 (4th Cir. 2006). A plaintiff's allegations must show that the "conduct complained of

threatens continuing or future injury," not just that plaintiff "deserves a remedy for past misconduct." Id.

A review of Plaintiff's Complaint pursuant to Section 1915(g) reveals that Plaintiff should not be granted *in forma pauperis* status because Plaintiff has not asserted and cannot reasonably assert that he is under imminent danger of serious physical injury under the circumstances presented in this Complaint. Plaintiff's Complaint focuses upon allegations that Defendants Keller, Bragg, and Bledsoe "slandered" Plaintiff during a criminal investigation and grand jury proceedings in Raleigh County, West Virginia. (Document No. 1.) The Complaint is completely void of any allegation or indication of imminent danger of serious physical injury. See Hall v. United States, 44 F.4th 218, 224 (4th Cir. 2022)("[T]he exception is triggered only if the incarcerated person alleges sufficient and specific facts establishing that he or she is in imminent danger of serious physical injury *at the time of the filing*.")(emphasis added). Based upon the foregoing, the undersigned finds that Plaintiff's *in forma pauperis* status should be denied because Plaintiff has filed at least three federal civil actions that have been dismissed as being frivolous or malicious, or for failure to state a claim upon which relief may be granted, and Plaintiff has failed to demonstrate that he is under imminent danger of serious physical injury.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *In Forma Pauperis* (Document Nos. 7 and 9), **DISMISS** Plaintiff's Complaint (Document No. 1) without prejudice pursuant to 28 U.S.C. § 1915(g), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is

hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: September 8, 2023.

Omar J. Aboulhosn
United States Magistrate Judge