UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

EARL JAMES ROBBINS, SR.,

    Plaintiff,

v.                        CIVIL ACTION NO. 5:21-cv-00136

MORGAN G. BRAGG;
*Beckley City Police Department*,
TIMOTHY C. BLEDSOE;
*W.V. State Police*, and KRISTEN
KELLER; *Raleigh County Prosecutor*,

    Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending are Plaintiff Earl James Robbins, Sr.'s (1) Complaint [Doc. 1] seeking relief under 42 U.S.C. § 1983, filed March 1, 2021, and (2) Applications to Proceed *In Forma Pauperis* [Docs. 7, 9], filed December 17, 2023, and December 27, 2023.

**I.**

This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on September 8, 2023. Magistrate Judge Aboulhosn recommended that the Court deny Mr. Robbins' Applications to Proceed *In Forma Pauperis* pursuant to the three-strike rule, dismiss Mr. Robbins' Complaint without prejudice pursuant to 28 U.S.C. § 1951(g), and remove this matter from the docket. Magistrate Judge Aboulhosn based his recommendation on the fact that Mr. Robbins has filed at least three prior federal actions that have been dismissed as frivolous, malicious, or for failing to state a viable claim.

## II.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on September 25, 2023. No objections were filed.

Rather, on September 27, 2023, Mr. Robbins filed a *pro se* Notice explaining he agrees with Magistrate Judge Aboulhosn's PF&R "in regards to proceeding in forma pauperis for the reasons the Court stated pursuant to the three[-]strike rule." [Doc. 12]. Nonetheless, Mr. Robbins contends prison officials within the California Department of Corrections have unlawfully removed several thousands of dollars from his inmate trust account. [*Id.*] He asserts he has won an administrative appeal resulting in the return of these funds by October 30, 2023. [Id.] Upon return of the funds, he contends he plans to pay his filing fee in full for this action and "hire a qualified

attorney at law that practice[s] federal law and will travel to Beckley, West Virginia to take over this . . . case." [*Id.*]. Mr. Robbins thus requests a sixty-day extension to pay his filing fee. [*Id.*].

**III.**

Upon review, the Court concludes a sixty-day extension is unnecessary inasmuch as Magistrate Judge Aboulhosn's recommendation includes dismissing Mr. Robbins' Complaint without prejudice. In other words, Mr. Robbins remains free to refile this action should he obtain the necessary funds to pay his filing fee in the future.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 11**], **DENIES** Mr. Robbins' Applications to Proceed *In Forma Pauperis* [**Docs. 7, 9**], **DENIES** Mr. Robbins' Extension Request [**Doc. 12**], **DISMISSES** Mr. Robbins' Complaint without prejudice pursuant to 28 U.S.C. § 1951(g), and **REMOVES** this matter from the docket.

The Court directs the Clerk to transmit a copy of this written opinion and order to any counsel of record and any unrepresented party.

ENTER: November 14, 2023

Frank W. Volk
United States District Judge